# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

RECEIVED
BY MAIL
AUG 18 2005
CLERK, US DIST. COURT
ST. PAUL, MN

No. 03-2177

CR 02-320 JRT/FLN

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court of Minnesota. |
| | * | |
| Andy Roger Baccam, | * | [PUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

Submitted: August 26, 2004
Filed: July 13, 2005

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

PER CURIAM

Andy Roger Baccam appeals his sentence of 248 months' imprisonment imposed by the district court.[1] We affirm.

[1] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

SCANNED
AUG 18 2005
U.S. DISTRICT COURT ST. PAUL

As part of a plea agreement, Baccam pled guilty to two counts: (1) possession with intent to distribute methamphetamine; and (2) possession of a firearm during a drug trafficking crime. The plea agreement contained a waiver of Baccam's appeal rights. Before sentencing, Baccam sought a downward departure due to an overstated criminal history. At the sentencing hearing, Baccam argued that a downward departure should apply because his status as a career offender overstated the extent and seriousness of his criminal history. The court denied the motion for a downward departure and issued a sentence of 188 months for the first count and 60 months for the second count to be served consecutively.

Baccam filed a notice of appeal pro se and told his counsel that he intended to seek new representation. However, a motion for substitution of counsel was neither served nor filed. Subsequently, his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), articulating Baccam's claims for appeal. At our request, both parties prepared supplemental briefing on whether the district court's finding that Baccam was a career offender was contrary to the United States Supreme Court's holding in United States v. Booker, 125 S. Ct. 738 (2005).

Having carefully reviewed the briefs and the record, we find no non-frivolous issues that merit discussion, other than the question of whether the appeal waiver encompasses a Booker claim.

Pursuant to his plea agreement with the government, Baccam surrendered any right to appeal his sentence. There is nothing in the record to indicate that any potential claims by Baccam would fall outside of the scope of the appeal waiver. Further, the record indicates that Baccam's waiver was knowing and voluntary. As a result, the only reason for us to not enforce the appeal waiver would be if the sentence was "illegal" and that upholding it would represent a "miscarriage of justice" under United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) (en banc).

In a case similar to this one, United States v. Burns, 2005 WL 1366430, *2 (8th Cir. Jun. 10, 2005), applying Andis, we held that the defendant's appeal of a career offender finding subject to Booker did not override an appeal waiver. In Burns, we held that the "extremely narrow" exception in Andis did not apply to cases where the sentence was within the existing statutory range. Burns, 2005 WL 1366430 at *2. Since Baccam was sentenced according to then-existing binding rules regarding career offender status, his waiver of appeal is binding even if he has appealable issues pursuant to Booker. Burns, 2005 WL 1366430 at *2; see also United States v. Davis, 2005 WL 1342444, *1 (8th Cir. Jun. 8, 2005); United States v. Fogg, 2005 WL 1186535, *2 (8th Cir. May 20, 2005). "Unless expressly reserved . . . the right to appellate relief under Booker is among the rights waived by a valid appeal waiver." Fogg, 2005 WL 1186535 at *2.

As a result, we affirm the judgment of the district court.

LAY, Circuit Judge, concurring.

I concur in the judgment of the court. I write separately to highlight the limited efficacy of an inflexible federal criminal justice policy that responds to the epidemic of drug crimes without adequately addressing the root cause of this epidemic – drug addiction. Many states have created specialized drug courts that approach this epidemic with much greater success. In most drug courts, nonviolent, substance-abusing offenders charged with drug-related crimes are channeled into judicially supervised substance abuse treatment, mandatory drugs testing, and other rehabilitative services in an effort to reduce recidivism. Eligible offenders typically have the charges against them stayed and dropped if treatment is successful, or plead guilty with prosecution deferred and criminal punishment withheld if treatment is successful. Evidence shows that the flexible and pro-active approach of drug courts reduces recidivism rates to less than half of the recidivism rate of those offenders who are simply imprisoned for their drug crimes. Unfortunately, the federal criminal

justice system offers no such alternatives for nonviolent, substance-abusing offenders. Given the tremendous economic and human costs of imprisoning nonviolent drug offenders, Congress should seriously consider creating federal drug courts. Federal drug courts would save a significant amount of money for taxpayers.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans