UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 02-320(1) JRT/FLN
Civ. No. 05-2800 JRT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDY R. BACCAM,<br><br>Defendant. | RESPONSE OF THE UNITED STATES TO BACCAM'S MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

The United States, appearing through its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Chris S. Wilton, Assistant United States Attorney, submits this response in opposition to Baccam's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

FACTUAL AND PROCEDURAL BACKGROUND[1]

On August 31, 2002, a Minnesota State Trooper was patrolling near Worthington, Minnesota, when she observed a vehicle on the shoulder of the road with its lights on. The trooper pulled up behind the vehicle and shined a spotlight on the driver's side mirror. Baccam was the only occupant of the vehicle. As the trooper approached the passenger side of the vehicle, she noticed a semiautomatic handgun in the defendant's hand. The trooper saw

---

[1] The factual summary of this case derive from the presentence report prepared by the United States Probation officer assigned to this case. The Court adopted the factual findings and guideline application in the presentence report.

Baccam bring the handgun up toward his chest as he looked out the driver's side window. The trooper returned to her vehicle and called for backup. Baccam drove away and the trooper followed. A short distance later, Baccam pulled the vehicle onto the shoulder of the road and his arrest followed.

Seized from the front seat of the vehicle was a Ruger 9mm semiautomatic handgun with a live round in the chamber and a full magazine locked in place. Officers also seized 67.43 net grams of methamphetamine from the front passenger seat of Baccam's vehicle, together with a small amount of marijuana found on his person.

On October 16, 2002, a federal grand jury returned a three-count Indictment against Baccam, charging him with (1) possession with intent to distribute in excess of 50 grams of methamphetamine; (2) possession of a firearm during and in furtherance of a drug trafficking crime; and (3) possession of a firearm while being a felon. (Indictment)

On December 23, 2002, Baccam pled guilty to Counts 1 and 2 before this Court.[2] As part of the factual basis admitted by Baccam and contained in the plea agreement, Baccam admitted that on August 31, 2002, he possessed with intent to distribute approximately 67 grams of methamphetamine. (Plea Agreement ¶ 1.A.) Baccam also admitted that on August 31, 2002, he knowingly carried

[2] As to Count 1, Baccam faced a maximum sentence of 40 years imprisonment, and a maximum of life in prison with respect to Count 2.

and possessed a Ruger 9mm handgun in relation and in furtherance of a drug trafficking crime. (Id. ¶ 1.B.)

As part of the plea agreement, Baccam agreed to a waiver of his rights to appeal and to collateral review. (Id. ¶ 16.) Specifically, in paragraph 16 of the plea agreement entitled "Waiver of Appeal and Collateral Review" Baccam agreed to the following:

> The defendant understands that Title 18, United States Code, Section 3742, affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal his sentence, unless the Court sentences the defendant above level 34. In addition, the defendant expressly waives his right to petition under Title 28, United States Code, Section 2255. The defendant understands that the Court will sentence the defendant in conformity with the United States Sentencing Guidelines. The defendant has discussed these rights with his attorney. The understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

On April 17, 2003, Baccam was sentenced. Because of his criminal history, he was deemed to be a "Career Offender." As such, Baccam's offense level was 31. He was sentenced to 188 months on Court 1 and a consecutive 60 months on Count 2 for a total sentence of 248 months in prison.

Baccam appealed his sentence. The Eighth Circuit ordered the parties to brief the question as to whether the appellate waiver that Baccam and the government entered into precluded the issue on appeal as to whether the district court's finding that Baccam was

a career offender was contrary to the United States Supreme Court's holding in United States v. Booker, — U.S. – , 125 S. Ct. 738 (20050. United States v. Baccam, 414 F.3d 885 (8th Cir. 2005).

The Eighth Circuit found that Baccam's appellate waiver was knowing and voluntary. 414 F.3d at 886. The Court noted that "the only reason for us to not enforce the appeal waiver would be if the sentence was 'illegal' and that upholding it would represent a 'miscarriage of justice' under United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) (en Banc)." Id. The Eighth Circuit affirmed the judgement of the district court, holding that Baccam was sentenced according to then-existing binding rules regarding career offender status, and that his waiver of appeal is binding even if he has appealable issues pursuant to Booker. Id. at 887.

On December 5, 2005, Baccam filed this § 2255 habeas motion asking this Honorable Court to vacate his conviction and sentence, and remand his case.

## ARGUMENT

I. BACCAM'S HABEAS MOTION SHOULD BE DISMISSED, BECAUSE HE KNOWINGLY AND VOLUNTARILY ENTERED INTO A PLEA AGREEMENT AND WAIVED HIS RIGHT TO COLLATERALLY ATTACK HIS SENTENCE

As part of the plea agreement with the United States, Baccam agreed to waive his right to appeal and collaterally challenge his sentence provided that the Court did not imposes a sentence above an offense level of 34. This Court sentenced Baccam to an offense level of 31, and therefore, the collateral waiver should be

enforced. Such a waiver is enforceable so long as a defendant entered into a Plea Agreement knowingly and voluntarily. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000); Sumlin v. United States, 2005 WL 1876118 (E.D.Mo. Aug. 08, 2005).

The Eighth Circuit agreed, after reviewing the record on appeal, that Baccam's appeal waiver should be enforced. United States v. Baccam, 414 F.3d 885 (8th Cir. 2005). Baccam's waiver of pursuing a collateral attack of his sentence should be enforced for the same reasons. Although Baccam now alleges that his plea was involuntary, however, in the same paragraph he states "[i]n fact, nothing that occurred at Baccam's plea hearing would have informed him that he misunderstood the charge." Baccam's Motion at p. 12. Baccam fails to show that he entered an unknowing or involuntary plea, or that his sentence is the result of advice outside the range of competent counsel. DeRoo, 223 F.3d at 923 (citations omitted). More importantly, Baccam does not claim that he did not understand that the collateral waiver would apply as long as his sentence was below offense level 34. Based on the terms of the plea agreement, Baccam should be required to hold up his end of the bargain, and not be allowed to attack his sentence.

## II. BACCAM HAS FAILED TO MEET THE HEAVY BURDEN NECESSARY TO SHOW THAT COUNSEL WAS INEFFECTIVE

Baccam argues that he received ineffective assistance of counsel. Baccam asserts that he was not aware of the presence of the firearm, and that he is innocent of Counts 1 and 2 of the

Indictment. He claims that if it was not for the ineffective assistance of counsel, he would not be serving an additional five years imprisonment mandated by § 924(c). Baccam's Motion at p. 15.

Conclusory allegations will not a support a motion under 28 U.S.C. § 2255. See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985); Strickland v. Washington, 466 U.S. 668, 690, 694 (1984); Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that "counsel's performance was deficient" and that the defendant suffered prejudice as a result of the deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To show that "counsel's performance was deficient", the defendant must show that counsel's errors were so serious that "counsel was not functioning as 'counsel guaranteed' by the constitution." Id. He must specify acts or omissions on the part of counsel that were not the "result of reasonable professional judgement." Id. at 690. A court's review of counsel's performance shall be highly deferential. See id. at 689. Moreover, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See id.

Even if any or all of the claims raised in this motion rise to the level of deficient performance by defendant's counsel, the

motion should still be denied because Baccam has completely failed to satisfy the second prong of the Strickland test. That is, Strickland also requires that the error result in actual prejudice to the defendant. See id. at 687. To show prejudice, a defendant must show more than a reasonable probability that the results of the proceedings would have been different but for counsel's errors. Id. at 694. See also El-Tabech v. Hopkins, 997 F.2d 386, 389 (8th Cir. 1993). A defendant must show that the proceedings were rendered fundamentally unfair or unreliable by counsel's deficient performance. El-Tabech, 997 F.2d at 389. Mere speculation cannot satisfy the high standards set forth in Strickland.

Contrary to Baccam's contentions, the record shows that his counsel aggressively argued his case. Counsel effectively negotiated a plea agreement, which provided Baccam with a three-level reduction in his offense level and the dismissal of Count 3 of the Indictment, thereby avoiding a potential life sentence. Counsel also argued the calculation of Baccam's criminal history category and career offender status. At sentencing, Baccam's attorney moved the Court for a downward departure, asking that Baccam be sentenced to 60 months on both counts, which is the mandatory minimum. (S. Tr. at pp. 5-6) The Court found that it must deny the motion due to Baccam's "really extensive criminal history with 13 points, which is difficult to amass so many points as such a young age. It would have been level six anyway." (S. Tr. at pp.

5-6, 13.)

Baccam received good counseling, and is unable to meet his heavy burden under Strickland. He does not claim that he did not understand the collateral waiver section of the plea agreement. He cannot show that his sentence is illegal or that there has been a miscarriage of justice by enforcing the waiver of collateral review.

CONCLUSION

For the foregoing reasons, Baccam's Habeas Motion pursuant to 28 U.S.C. § 2255 should be denied in its entirety without the need for an evidentiary hearing.

Respectfully submitted,

Dated: January 6, 2006

THOMAS B. HEFFELFINGER
United States Attorney

s/ Chris S. Wilton

BY: CHRIS S. WILTON
Assistant U.S. Attorney
Attorney ID No. 252049