# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANDY R. BACCAM,

Defendant.

Criminal No. 02-320 (JRT/FLN)
Civil No. 05-2800 (JRT)

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION**

Chris S. Wilton, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Andy R. Baccam, #10647-041, Federal Correctional Institution, P.O. Box 5000, Pekin, IL 61555-5000, defendant and *pro se* petitioner.

E. David Reyes, **SABBY & REYES**, P.O. Box 39022, Edina, MN 55439, for defendant.

Defendant Andy R. Baccam has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging violations of his rights to due process and effective assistance of trial counsel. For the reasons discussed below, the Court denies the motion.

## BACKGROUND

Andy Baccam was arrested on August 31, 2002 by a Minnesota State Trooper.[1] Seized from Baccam's vehicle was a Ruger 9mm semiautomatic handgun with a live round in the chamber and a full magazine locked in place. Officers also seized 67.43 net grams of methamphetamine, together with a small amount of marijuana found on Baccam. The trooper contends that the weapon and methamphetamine were found on the front passenger seat, and that she saw Baccam holding the weapon when she first approached the vehicle. Baccam maintains that he was not aware that there was a firearm in the vehicle or anything else on the seat. No fingerprints were found on the weapon.

On October 16, 2002, a federal grand jury returned a three count Indictment against Baccam, charging him with (1) possession with intent to distribute in excess of 50 grams of methamphetamine; (2) possession of a firearm during and in furtherance of a drug trafficking crime; and (3) possession of a firearm while being a felon.

Baccam retained E. David Reyes to serve as defense counsel. In his § 2255 petition, Baccam asserts that following the indictment he told Reyes several times that he did not know there was a firearm in his vehicle when he was arrested on August 31, 2002. Baccam also asserts that he told Reyes that two other individuals had recently used the vehicle. Baccam further asserts that he later contacted one of those individuals, who borrowed and returned the vehicle right before the arrest and who had admitted to placing the firearm in the vehicle. According to Baccam, Reyes refused to interview the

[1] The factual summary of this case primarily derives from a November 27, 2002 Report and Recommendation, which summarized testimony from Baccam and the trooper at a hearing on Baccam's motion to suppress evidence.

individuals, and "responded by explaining to Baccam that federal law makes no distinction between knowing and unknowing possession of a firearm that is found in close proximity with narcotics." (Mot. To Vacate Sentence at 4.) Baccam asserts that he wanted to challenge the two counts dealing with possession of the firearm, but because Reyes told him that knowledge was not an element, he followed Reyes's advice and decided to accept the prosecution's plea agreement.

On December 23, 2002, Baccam pled guilty to possession with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1), and possession of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). As part of the plea agreement, Baccam agreed to a waiver of his rights to appeal and to collateral review.

During the change of plea hearing, the prosecution explained the circumstances surrounding the arrest, and the Court asked if defense counsel wanted to add anything about the facts. Reyes explained that Baccam contests certain facts, but that "it doesn't amount to a defense." (Tr. of Proceedings (Guilty Plea) at 9.) He explained that Baccam contests "where in the car the items were found," and that Baccam "does not recall the firearm being there." (*Id.* at 10.) Reyes concluded, "However, he acknowledges that once the items were found together, it's basically under federal case law, as long as the items were found together, they could be used." (*Id.*)

The Court explained that under the plea agreement Baccam agreed to plead guilty to Counts 1 and 2, and that the prosecution agreed to dismiss the remaining count. The Court explained that Count 2 is "the charge of knowingly possessing a firearm during and

in furtherance of the drug trafficking crime," but did not explain the elements of the offense. (*Id.*) The Court discussed in detail the possible outcomes of the sentencing. The Court ascertained that Baccam and Reyes previously discussed the waiver of his rights to appeal or challenge the sentence, and that the attorney was "convinced that he understands the rights that he has and what he's giving up." (*Id.* at 16-17.) The Court asked if Baccam was entering his plea voluntarily, and Baccam responded that he was. The Court discussed in detail the constitutional rights that Baccam was giving up by entering a guilty plea. Baccam's guilty plea was entered in response to the following question:

> Mr. Baccam, you were charged in Count 1 of the indictment with possession with intent to distribute methamphetamine, in violation of United States law; and you were charged in Count 2 of the indictment with possession of a firearm during a drug trafficking crime. How do you now plead to those two charges, guilty or not guilty?

(*Id.* at 21.) The Court found that "the plea of guilty is knowing, and it is voluntary, and it is supported by an independent basis in fact containing each of the essential elements of the offense." (*Id.* at 21-22.) The Court accepted the plea and adjudged Baccam guilty of those two offenses.

On April 17, 2003, this Court sentenced Baccam to 188 months on Count 1 and a consecutive 60 months on Count 2, for a total sentence of 248 months in prison. Count 3 was dismissed.

On April 23, 2003, Baccam filed a notice of appeal *pro se* and told his counsel that he intended to seek new representation. However, a motion for substitution of counsel was neither served nor filed. Subsequently, his counsel filed a brief, arguing *inter alia*

that the district court's finding that defendant was a career offender was contrary to the United States Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005). The Eighth Circuit found nothing in the record to indicate that Baccam's claims would fall outside of the scope of the appeal waiver or that Baccam's waiver was not knowing and voluntary. *United States v. Baccam*, 414 F.3d 885, 887 (8th Cir. 2005). The Eighth Circuit therefore failed to reach the merits of Baccam's claims, holding that the right to appellate relief under *Booker* is among the rights waived by a valid appeal waiver. *Id.*

On December 5, 2005, Baccam filed the present habeas corpus petition pursuant to 28 U.S.C. § 2255. On August 22, 2006, the Court ordered Reyes to respond to Baccam's petition. Specifically, the Court directed Reyes to address his understanding of the elements of a violation of 18 U.S.C. § 924(c)(1)(A) at the time of his representation of Baccam, the communications he had with Baccam on the elements of this offense, why he recommended that Baccam plead guilty, and how his understanding of the elements of the offense influenced his recommendation.

On October 3, 2006, Reyes filed a five-page response to the petition. In the response, Reyes offered a summary of his interactions with Baccam over an eight-month period. According to Reyes, he informed Baccam that Baccam would be "faced with the testimony of the Officer who observed the firearm in his hand and the second Officer who testified that he found the drugs and firearm together on the front seat." (Resp. of Reyes at 3.) He advised Baccam that "a jury would essentially have to completely discredit the Officers' testimony for him to be successful at trial." (*Id.* at 4.) He also explained that Baccam faced a life sentence if convicted. Because the prosecution had a

strong case, Reyes recommended that Baccam accept the offer and thereby avoid a life sentence.

## ANALYSIS

Baccam's § 2255 petition asserts violations of his rights to due process and effective assistance of counsel. Specifically, he argues that his imprisonment violates his Fifth Amendment right to due process because he did not enter his guilty plea voluntarily, but did so based on the affirmative misrepresentations by his attorney on the mens rea element for the firearm offense. Baccam's claim of ineffective assistance of counsel consists of two grounds: (1) his counsel affirmatively misinformed him as to the elements of the firearm charge; and (2) his counsel failed to investigate exculpatory evidence. Before discussing the substance of Baccam's petition, the Court analyzes the prosecution's contention that the Court cannot consider Baccam's claims.

### I. WAIVER OF COLLATERAL CHALLENGES

The prosecution contends that Baccam's entire § 2255 petition must fail because Baccam's plea agreement waived his right to collaterally challenge his sentence. Baccam argues that his waiver was not knowing and voluntary because of ineffective assistance of counsel, and therefore his waiver does not affect his claims.

A waiver of right to collateral review is enforceable as long as a defendant entered into a plea agreement knowingly and voluntarily. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). First, a defendant's guilty plea can be involuntary because he lacked sufficient understanding of the charge against him to make an intelligent admission of

guilt (a failure of due process). *See Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). Second, a guilty plea can be involuntary when it is the result of advice outside the range of competence demanded of attorneys in criminal cases (ineffective assistance of counsel). *See DeRoo*, 223 F.3d at 923-24 (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). Thus, the Court must first determine whether there were failures of traditional notions of due process or ineffective assistance of counsel, and cannot conclude without further analysis that Baccam waived his right to collateral review.

## II. DUE PROCESS – KNOWING AND VOLUNTARY GUILTY PLEA

Because a guilty plea waives a defendant's constitutional right to a jury trial, his right to confront his accusers, and his right against self-incrimination, guilty pleas must be entered into knowingly and voluntarily. *See Parke v. Raley*, 506 U.S. 20, 28-29 (1992). A plea cannot constitute the necessary intelligent admission unless the defendant received "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). It is not always necessary to formally explain the elements of an offense, however, and a defendant's understanding of the charge against him is examined under "the totality of the circumstances." *See United States v. Nieuwsma*, 779 F.2d 1359, 1361-62 (8th Cir. 1985). Statements on the record that the defendant has received the indictment, understands the charges, and has had the benefit of discussion and explanation by his attorney "provide persuasive evidence of an understanding." *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988).

Here, the Court explained in detail the possible sentence Baccam would face and the rights that Baccam would be waiving. The Court also asked whether Baccam understood the plea agreement and entered into it voluntarily. While the Court did not discuss the elements of the charges, the Court restated the charges during the plea hearing. Importantly, the Court described Count 2 as "the charge of knowingly possessing a firearm during and in furtherance of the drug trafficking crime." (Tr. of Proceedings (Guilty Plea) at 10.) In sum, the indictment was read, defense counsel stated Baccam understood his rights, and Baccam stated he understood the plea and entered it voluntarily. Under the totality of the circumstances, the Court was justified in determining that Baccam understood the charges against him and entered his plea knowingly and voluntarily. Thus, the Court concludes that Baccam's due process rights have not been violated and denies Baccam's motion to vacate his sentence on this ground.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

To have a valid claim of ineffective assistance of counsel, Baccam must show both that his counsel's performance was deficient and that he was prejudiced by that deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To satisfy the first prong of *Strickland*, a defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To satisfy the second prong of *Strickland*, one must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, a defendant must show that but for the errors, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Other reasons for accepting a guilty plea and avoiding trial (such as a desire to avoid a harsh sentence) can prevent a finding of prejudice. *See, e.g.*, *Witherspoon v. Purkett*, 210 F.3d 901, 905 (8th Cir. 2000). Baccam asserts that Reyes affirmatively misinformed him as to the elements of the firearm charge, and failed to investigate exculpatory evidence. The Court separately analyzes these two potential grounds for ineffective assistance of counsel.

**A. Reyes's Representations As To The Elements Of The Firearm Charge**

Baccam first asserts that his counsel possessed a "woefully inaccurate understanding" of the case law regarding § 924(c)(1)(A), and that Reyes's advice on the elements required to convict under that section was therefore deficient. (Mot. to Vacate Sentence at 13.)

Section 924(c)(1)(A) provides that "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A). To secure a conviction under § 924(c)(1)(A), the prosecution must present evidence from which a reasonable juror could find a "nexus" between the defendant's possession of the charged firearm and the drug crime,

such that this possession had the effect of "furthering, advancing or helping forward" the drug crime. *United States v. Hamilton*, 332 F.3d 1144, 1149-50 (8th Cir. 2003).

Baccam alleges that although he repeatedly informed Reyes that he did not know the firearm was in the vehicle, Reyes advised Baccam that his knowledge was unimportant. Baccam further alleges that Reyes told him that as long as the firearm was found along with narcotics, federal law required that he be convicted. If Reyes told Baccam that mere possession of the firearm requires conviction, this was a misstatement of the law. *See United States v. Spencer*, 439 F.3d 905, 914 (8th Cir. 2006) (holding that evidence that the defendant simultaneously possessed drugs and a firearm, standing alone, is not sufficient to support a conviction). However, if Reyes was merely making a prediction that Baccam would have been convicted at trial despite Baccam's claim that he lacked knowledge of the gun, the prediction is supported by Eighth Circuit case law. *See, e.g.*, *Hamilton*, 332 F.3d at 1150 (stating that possession can be constructive rather than actual, and that the nearness of firearms to drugs supports an inference that the firearms were possessed to protect the drugs, and thus possessed in furtherance of a drug trafficking crime).

Reyes does not agree with Baccam's characterization of the advice he gave Baccam. Reyes asserts that he told Baccam that the prosecution "would have to prove that . . . he knowingly possessed a firearm, and that he used the firearm when he brandished the firearm or attempted to use the firearm." (Resp. of Reyes at 3.) Reyes further asserts that he explained that, even if someone else placed the firearm in the car, Baccam would still be faced with the testimony of the officer who observed the firearm

in his hand and the second officer who testified that he found the drugs and firearm together on the front seat. Given this testimony, Reyes concluded that it would be difficult to argue that Baccam did not know of the firearm.

Whether Reyes's advice to Baccam on the elements of section 924(c)(1)(A) was deficient depends on exactly what was said by Reyes. However, the Court need not decide this issue because, as explained below, Baccam cannot show that he suffered any prejudice from Reyes's performance.

Baccam states that he was prejudiced because he would not have accepted the plea bargain but for the alleged misinformation by Reyes. Baccam asserts that he accepted the plea only because he believed the prosecution did not need to prove knowledge or intent, and he would have proceeded to trial if he had been informed of this element to the firearm offense.

The Court concludes that Baccam's contention that he would have proceeded to trial under the circumstances is simply not credible. Once a person has entered a guilty plea, any "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see Witherspoon v. Purkett*, 210 F.3d 901, 905 (8th Cir. 2000). Here, the prosecution had an officer prepared to testify that Baccam was holding a firearm when he was stopped, and another officer would have testified that the firearm was seized from the front passenger seat, along with the drugs. Also, Baccam received significant benefits from accepting the plea agreement. The plea provided Baccam with a three-level reduction in his offense level and the dismissal of

Count 3 of the Indictment, thereby avoiding a possible life sentence. Avoiding a life sentence was a real benefit to Baccam that provided ample incentive for him to waive a jury trial. *See, e.g.*, *Nelson v. Hvass*, 392 F.3d 320, 324 (8th Cir. 2004). Even if Reyes had performed as Baccam asserts he should have, no credible evidence leads to the conclusion that Baccam would not have pled guilty under these circumstances. Baccam suffered no prejudice from the alleged misstatements of Reyes, and his claim of ineffective assistance of counsel on this ground must fail.

**B. Interview of Witnesses**

Baccam asserts that Reyes failed to interview exculpatory witnesses, and that this constitutes deficient performance. Specifically, Baccam argues that Reyes should have interviewed Jesse Baccam and Terry Entiger, both of whom had recently used the vehicle in which the firearm was found. Baccam argues that if Reyes had interviewed these individuals, it is possible that one of the individuals might have admitted to placing the firearm in the vehicle.

Failure to investigate adequately before allowing a defendant to plead guilty can constitute ineffective assistance of counsel. *See Thomas v. Lockhart*, 738 F.2d 304, 306-07 (8th Cir. 1984). On the other hand, counsel may make a reasonable decision that a particular investigation is unnecessary. *See Strickland*, 466 U.S. at 691.

The Court concludes that Reyes made a reasonable decision that investigation into who placed the firearm in the car was unnecessary. As Baccam argues, it is entirely possible that one of the individuals might have admitted to placing the firearm in the vehicle. However, this information does not negate the fact that the prosecution had an

officer who would have testified that she saw Baccam bring the handgun up toward his chest when she approached the vehicle, and another who would have testified about the seizure of the firearm from the front passenger seat of the vehicle. With this evidence, it is likely that Baccam would have been convicted after trial. Baccam was facing a life sentence, and Reyes was reasonable to recommend that Baccam accept the guilty plea without further investigation into the source of the firearm. For these same reasons, there is no indication that discovery of the identity of the person who placed the firearm in the vehicle would have changed Reyes's recommendation as to a plea. Therefore, Baccam cannot show that he suffered prejudice. *See Hill*, 474 U.S. at 59 (explaining that where the alleged error of counsel is a failure to investigate, the prejudice inquiry hinges on whether the discovery of the evidence would have led counsel to change his recommendation as to the plea). Accordingly, Baccam's claim of ineffective assistance of counsel based on the alleged failure to investigate also must fail.

Because Baccam has not shown that his plea was not knowing and voluntary, the Court concludes that his waiver of collateral review is enforceable. But even if there had been no waiver, Baccam presents no valid grounds in his habeas petition to vacate, set aside, or correct his sentence. The Court therefore denies the motion.

## V. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to

resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that it is unlikely that some other court would decide the issues raised in this § 2255 petition differently. For this reason, the Court concludes that Baccam has failed to make the required substantial showing of a denial of a constitutional right, and the Court denies a certificate of appealability.

## ORDER

Based on the foregoing, and all of the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Baccam's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 44] is **DENIED**;

2. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Baccam's motion.

The Clerk of Court is respectfully directed to mail a copy of this Order to Baccam.

DATED: January 3, 2007
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge